O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LUISA HELGUERA-LIZARDO, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ERIC H. HOLDER, Jr., ) <br> ) <br> Respondent. ) <br> ) | CASE NO. SA CV 13-1810 DDP (RZ) <br><br> ORDER SUMMARILY DISMISSING HABEAS ACTION |

  On October 22, 2013 in Ninth Circuit case no. 13-72525, the Court of Appeals denied Petitioner's challenge to her pending removal to Mexico and her request for a stay of that removal. Four weeks later, she commenced this habeas action seeking the same relief, with one addendum. The Court will dismiss the action summarily, largely for lack of jurisdiction. The Court does have jurisdiction to consider her claim of being subjected to "indefinite detention," but she plainly is not entitled to relief.

  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (which Rules apply to this Section 2241 case as well, *see* Rule 1(b), Rules Governing Section 2254 Cases) provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

Petitioner is a Mexican citizen who entered the United States without inspection in 1995. Immigration officials began removal proceedings against her in February 2013, presumably because in 2012 she suffered three separate DUI convictions. She admitted her removability but sought cancellation of removal on grounds that she had "good moral character." An Immigration Judge rejected those grounds, citing her drunk-driving convictions, on April 8. On July 2, the Board of Immigration Appeals (BIA) dismissed her appeal. She filed a Petition For Review in the Ninth Circuit, adding requests for a stay and for appointment of counsel. On October 22, the Court of Appeals denied relief. She was in the right court then and is mistaken in turning to this Court now.

With certain exceptions not applicable here, district courts lack subject matter jurisdiction to review removal decisions. Since the enactment of the REAL ID Act of 2005, the only means of judicial review of an order of removal is "a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(5). Subsection (b)(9) of the same statute makes clear that all legal and factual challenges relating to removal orders are cognizable only in such a Court of Appeals petition, not in a habeas proceeding under 28 U.S.C. § 2241 or any other challenge. 8 U.S.C. § 1252 requires dismissal of this action for lack of jurisdiction. (Moreover, even if the Court somehow had jurisdiction, it strongly suspects that the immediate prior ruling by the Ninth Circuit would foreclose this inferior court from granting the just-denied relief.)

The only portion of the petition over which the Court has jurisdiction is plainly without merit. Petitioner invokes *Zadvydas v. Davis*, 533 U.S. 678, 696, 699-701, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), arguing that her pre-removal detention has gone on so long that it violates her constitutional rights. *See* Pet. at 10-11. Among other things, *Zadvydas* held that deportable aliens are rebuttably presumed to be entitled to supervised release from executive detention if they have not been removed within nine months – ninety days plus six months – of the date on which their removal order became final, if "good reason [exists] to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Petitioner is ineligible for *Zadvydas* relief for two

independent reasons. First, Petitioner's pre-removal detention has not endured for nine months, the threshold for *Zadvydas* relief. Her order of removal became final on July 2, 2013, when the BIA dismissed her administrative appeal. Thus, as of this writing, she has only been in pre-removal detention for five months. Second, Petitioner, a Mexican, demonstrates no "good reason to believe that there is no significant likelihood of [her] removal in the reasonably foreseeable future." Perhaps that is why she sought the stay.

For the foregoing reasons, the Court (1) DENIES, on its merits, the petition's request for *Zadvydas* relief, and (2) DISMISSES the balance of the petition for lack of subject matter jurisdiction, including her motions for a stay and for appointment of counsel.

DATED: March 12, 2014

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE